**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRE PAUL PROVOST, Jr., | No. 19-70685 |
| Petitioner-Appellant, | Tax Ct. No. 23943-18 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted June 2, 2020**

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Andrew Paul Provost, Jr., appeals pro se from the Tax Court's order

dismissing for lack of jurisdiction his petition regarding his tax liabilities for the

2005 tax year. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de

novo the Tax Court's dismissal for lack of jurisdiction. *Gorospe v. Comm'r*, 451

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Provost's request for oral argument, set forth in his opening brief, is denied.

F.3d 966, 968 (9th Cir. 2006).  We affirm.

The Tax Court properly concluded that it lacked jurisdiction over Provost's petition because the Internal Revenue Service's Notice CP504 that formed the basis for Provost's petition was not a notice of deficiency or a notice of determination.  *See* 26 U.S.C. § 6212 (notice of deficiency); 26 U.S.C. § 6330 (notice of determination); *Gorospe*, 451 F.3d at 968 (the Tax Court is a court of limited jurisdiction, and its subject matter is defined by Title 26 of the United States Code).

We reject as without merit Provost's contention that the CP504 notice was illegitimate.

**AFFIRMED.**